# COLON COCHRAN v. STATE.

No. A-269.  Opinion Filed November 23, 1910.

(111 Pac. 978.)

1.  **APPEAL—Reservation of Grounds of Review—Duty of Judge to Remain Present During Trial.**  (a) If, during a trial of a criminal case, the judge absents himself from the courtroom and relinquishes control of the trial, and the attorneys for the defendant desire to assign this matter as error, when the judge returns into the courtroom they should request him to make a record of his absence, or when they prepare their case-made they should incorporate in it a statement of the facts as they occurred.

(b). Matters occurring in open court during the progrss of the trial can be shown only by proper recitals in the case-made duly certified to by the trial judge.

(c) Trial courts are admonished that during the trial of a criminal case it is their duty to remain in control of the trial during every moment that court is open.

2.  **EVIDENCE—Competency—Appeal—Review—Remarks of Judge.** (a)When the reason why a person has gone to a certain place becomes material upon a trial, it is proper to allow such person to explain why he went there.

(b) Where, upon a trial of a cause, objection being made to allowing an officer to explain why he went to the scene of difficulty, the trial court said: "In this connection I will say that it is the duty of an officer, when he is informed of a disturbance, to go and investigate it." This is a correct statement of the law, and we cannot see how it could have injured the defendant in any manner.

(c) In ruling upon the admissibility of evidence, trial courts should carefully abstain from commenting upon the weight or effect of testimony; but where such remarks are made, and it is clear that they could not have injured the defendant, they will not constitute ground for new trial.

3.  **APPEAL—Instructions—Necessity for Exceptions in Lower Court.** (a) Errors committed in the instructions of the court to the jury, where no exceptions are reserved to such instructions and no special instructions were requested, will not be considered upon appeal unless they are fundamental or necessarily injured the defendant

(Syllabus by the Court.)

*Appeal from District Court, Adair County; John H. Pilchford, Judge.*

Colon Cochran was convicted of an assault with intent to kill, and he appeals. Affirmed, with directions.

*Williams & Williams,* for appellant.

*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE. First. The third ground set up in the motion for new trial is as follows:

"Because the court left the bench and relinquished control of the trial during its progress for the space of several minutes while R. Y. Nance, one of the attorneys for the state, was arguing the case to the jury."

The defendant filed affidavits in support of this ground for a new trial. If, as a matter of fact, the judge should absent himself from the courtroom and thereby relinquish control over the trial, it is entirely proper that this fact should be incorporated in the motion for new trial; but we cannot consider the affidavits which are filed in support of this ground. If counsel for the defendant were desirous of bringing this question before this court upon appeal, when the judge returned to the courtroom they should have requested him to make a record of his absence, or they should have incorporated in the case-made a statement of the facts as they occurred. We can only consider matters occurring in open court during the progress of a trial when the facts are certified to us in the case-made by the trial judge. For a discussion of this question, see the companion case of *Colon Cochran v. State* (No. A-268) *infra,* 111 Pac. 974, and also the case of *Saunders v. State, infra,* 111 Pac. 965, both of which cases were decided at the present sitting of this court. We desire to renew our admonition to trial courts that in criminal cases it is their duty to remain in control of the trial during every moment that court is open.

Second. When the state's witness, Jonas Holt, was on the stand, he was testifying as to why he went to the place where the difficulty occurred. To this counsel for the defendant objected. Whereupon the court said:

"I will let this officer explain why he went down there. In

this connection, I will say that it is the duty of an officer, when he is informed of a disturbance, to go and investigate it."

The defendant excepted to the remarks of the court upon the ground that such language was prejudicial to the rights of the defendant. As to why the officer went to the scene of the difficulty was material in this case. It was therefore entirely proper to allow him to state what caused him to go there. The remarks of the court to the effect that, when an officer is informed of a disturbance, it is his duty to go there and investigate it, was a correct statement of law and could not have in any manner injured the defendant. It would have been better to have incorporated this in the instructions to the jury. The court should be careful in ruling upon the admissibility of evidence and refrain from commenting upon the weight and effect of testimony; but we cannot see how the defendant was injured by this statement. Counsel for defendant do not cite a single authority in their brief in support of their contention.

Third. The brief of defendant complains of a number of alleged errors in the charge of the court. We have examined the record and find that no exception was reserved to the instructions given to the jury, neither were any instructions requested by the defendant. We also find that, while the instructions are not above criticism, yet they do not contain any fundamental errors. If counsel for the defendant desires this court to consider an alleged error in the instructions of the court, they must except to such instructions when given, and thereby give the trial court an opportunity to correct any errors that may exist in the instructions. If counsel fail to except to the instructions of the court or to request any special instructions on behalf of the defendant, they thereby waive all objections to the instructions, save those that are fundamental or which necessarily injured the defendant. We find no such errors in the instructions given. The evidence amply sustains the verdict of the jury and would have justified the infliction of the extreme limit of the law.

The judgment of the lower court is affirmed, with directions

to the court to reform the sentence imposed and make the term of imprisonment therein provided begin upon the reception of defendant in the penitentiary.

DOYLE and RICHARDSON, Judges, concur.

---

## ON MOTION FOR REHEARING.

### Denied December 17, 1910.

APPEAL—Instructions—Presumption of Innocence—Requests—Exceptions—Necessity. Where the court failed to instruct the jury upon the presumption of innocence and where no exception was reserved to such failure, and no special instruction was requested on this subject, and where the court did instruct the jury that the burden was upon the state to establish the guilt of the defendant by competent evidence beyond a reasonable doubt, the failure of the court to instruct on the presumption of innocence will not constitute reversible error.

(Syllabus by the Court.)

PER CURIAM. Counsel for appellant has filed a motion for a rehearing in this case in which it is alleged that this court did not consider appellant's assignments of error, setting forth the fact that the district court, in its instructions to the jury, did not charge them that the defendant was presumed to be innocent until the contrary was proven beyond a reasonable doubt. The defendant did not request any special instruction from the trial court upon this question, and no exception was reserved to the charge of this court for failing to instruct the jury that the defendant was presumed to be innocent. The trial court did charge the jury that the burden was upon the state to prove by competent evidence beyond a reasonable doubt that defendant was guilty of the offense charged against him in the information before they could convict him; and the court also repeatedly informed the jury that if they had a reasonable doubt as to the defendant's guilt, they must give him the benefit of such doubt and acquit him. Under these conditions and circumstances we do not be-

lieve this case should be reversed because the court failed to charge on the presumption of innocence. This question was before the Supreme Court of California in the case of *People v. Matthai,* 130 Cal. '442, and that court said:

"Complaint is made that the court failed to instruct the jury, as provided by section 1096 of the Penal Code, that a defendant in a criminal action is presumed to be innocent until the contrary is proved. Section 1127 of the Penal Code provides that, in charging the jury, the court must state to them all matters of law necessary for their information, and assuredly the instruction as to presumption of innocence is one which should be given in every case of the court's own motion. But in this case the defendant made no request that such instruction should be given, and, as held in *People v. McNutt,* 93 Cal. 658 (29 Pac. 243), in the absence of a request, the failure of the court to charge upon any specific principle of law will not· be held error."

In the case of *Stevens v. Commonwealth,* 45 S. W. 76, the Court of Appeals of Kentucky said:

"It is further urged that error was committed in instructions refused and in those given. A specific instruction was asked upon the doctrine of reasonable doubt, and one that the law presumes the defendant innocent until his guilt is proven beyond a reasonable doubt. Instruction 2, which was given, gave the law as to reasonable doubt, viz: 'If the jury entertain a reasonable doubt of the defendant being proven guilty, they will acquit him.' In the first instruction given, they were told that if they believed from all the evidence, beyond a reasonable doubt, that the defendant had committed the act charged, they would find him guilty. Instruction 3 gave the law as to corroboration of the testimony of an accomplice. But it is insisted that the trial court erred to the prejudice of appellant in not giving the instruction as to reasonable doubt in the same terms approved in the case of *Brady v. Com.,* 11 Bush. 282, and that of *Payne v. Com.,* 1 Metc. (Ky.) 370, in which the additional direction was contained that, if the jury entertained a reasonable doubt of any fact necessary to make out defendant's guilt, they should acquit him. While that instruction is undoubtedly correct, and has been approved by the court in numerous other cases, we think the instruction given conveys the same meaning to the mind of any competent juror.

"It is further insisted that the presumption of innocence is

another and different thing from a reasonable doubt, in this: that a reasonable doubt can arise only upon the testimony after its introduction, while the presumption of innocence is with the defendant before the introduction of any testimony, the burden being on the commonwealth to establish affirmatively the guilt of the accused, as charged in the indictment. It seems to us, however, that this distinction is rather plausible than real. The jury are required to believe from the evidence, to the exclusion of a reasonable doubt, in the guilt of the defendant, which is a distinct requirement of affirmative testimony showing the guilt of the accused before conviction can be had. This being so, and the jury being required, in order to a conviction, to believe such affirmative testimony, to the exclusion of a reasonable doubt, it can in no sense be fairly said that any juror competent to sit upon a trial could, under the instruction in this case, have believed he was authorized to convict upon a preponderance of testimony. And, while the instruction asked as to the presumption of innocence might have been proper, we are unable to see that the court's failure to give it could have operated to the prejudice of any substantial right of the appellant. For the reasons given, the judgment is affirmed."

In the case of *State v. Kennedy*, 154 Mo. 269, the Supreme Court of Missouri said:

"Where the court fully and properly instructs the jury on reasonable doubt, its failure to instruct that the defendant is presumed to be innocent until his guilt is established, does not constitute reversible error, although the defendant had asked the court to give such instruction on the subject of the presumption of innocence."

In the case of *People v. Oustrander*, 110 Mich. 60, the Supreme Court of Michigan said:

"Failure to instruct the jury in a criminal case as to the presumption of innocence is not reversible error, where the attention of the court was not called to the omission, and the charge as given was explicit to the effect that the guilt of the accused must be proved beyond a reasonable doubt. *People v. Garney*, 91 Mich. 646, followed."

In the case of *Morehead v. State*, 34 Ohio, 212, the Supreme Court of Ohio said:

"An instruction by the court to the jury, that the state must prove the material elements of the crime beyond a reasonable doubt, fully secures to the defendant the benefit of the legal presumption of his innocence."

In the case of *State v. Maupin,* 196 Mo. 164, the Supreme Court of Missouri said:

"It is not reversible error to refuse an instruction stating the presumption of innocence when the court has already fully instructed on the subject of reasonable doubt."

We might continue to cite authorities to the same effect; but we deem these sufficient.

The only purpose which the law has in view in providing that a defendant is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt is to fix the burden of proof in the first instance and designate that the duty rests upon the state to produce evidence and effect persuasion beyond a reasonable doubt before the jury are authorized to convict a defendant. See *Culpepper v. State, infra,* 111 Pac. 679.

We therefore hold that when the trial court has omitted to instruct the jury that the defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt by competent evidence, and when no exceptions were saved to the failure of the court to so instruct the jury and no special instruction was requested upon this subject, and when the court has clearly instructed the jury that the burden is upon the state to establish the guilt of the defendant by competent evidence beyond a reasonable doubt, the failure of the court to instruct upon the presumption of innocence will not constitute reversible error. The motion for rehearing is therefore denied, and the district court is directed to carry the judgment and sentence into effect without further delay.