## TOM BEATTY v. STATE.

No. A-337. Opinion Filed February 6, 1911.

(113 Pac. 237.)

1. APPEAL—Record—Case-Made—Matters Occurring in Open Court. Matters occurring in open court during the progress of a trial cannot be incorporated in the case-made by affidavits but must be placed in the case-made by recitals certified to by the judge who presided at the trial of the cause.

2. JURY—Impaneling—Appeal—Presumptions — Excusing Juror— Regularity of Proceedings of Court of Record—Challenge to Array and Panel—Time—Sufficiency. (a) Where a trial judge had excused jurors who were members of the regular panel, in the absence of a showing that this amounted to an abuse of discretion on the part of the trial judge, we will presume that such jurors were properly excused.

(b) Where a member of the regular panel is absent from the the courtroom when his name is called, while the jury is being impaneled, it is proper for the trial judge to send for said juror and have him brought into court to be examined touching his qualifications to sit as a juror in the cause before the court.

(c) After a juror has been selected, it is too late to challenge the array and panel.

(d) Where the record shows that defendant challenged the array and panel of the jury, but does not state the ground upon which the challenge was made, the challenge will not be considered by this court.

(e) There is no presumption against the regularity of the proceedings in a court of record. Such proceedings are presumed

to be regular, unless the contrary is affirmatively made to appear.

3.    APPEAL—Review—Instructions—Requests.    Where the| court failed to instruct upon the presumption of innocence, but did instruct the jury fully upon reasonable doubt, and where the defendant did not request any instruction on the presumption of innocence or save an exception to the action of the court in neglecting to charge on this presumption, a conviction will not be reversed because the court omitted to give said instruction.

(Syllabus by the Court.)

*Appeal from Logan County Court; J. C. Strang, Judge.*

Tom Beatty was convicted of violating the prohibition law, and he appeals. Affirmed.

*Walter Warren* and *Will H. Chappell*, for appellant.
*Smith C. Matson*, Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.    First. Appended to the motion for a new trial we find a lengthy affidavit, which attempts to set forth proceedings which it is claimed were had in the county court when the jury in this case was impaneled. Parties cannot make up a case-made in this manner. Any matter transpiring in open court of which the trial judge had knowledge can only be incorporated in the case-made by statements which are duly certified to by the presiding judge. See *Colon Cochran v. State*, 4 Okla. Cr. 390, 111 Pac. 974, 978.

Second. We find properly incorporated in the case-made the following statement:

"Thereupon, said defendant on request of his counsel is allowed by the court to make a copy of the jury list spread before the court, and the names of the persons on said jury list are called by the court, and take their places in the jury box and are examined on their *voir dire* and thereupon, the prosecution and defense exercise their peremptory challenges, and the defendant, having one peremptory challenge left, excuses one Sam Evans, whereupon the court forthwith calls into the jury box one E. H. Furrow, who, not being present in the courtroom, is sent for by the court, to which the defendant objects, and asks that the names of the two remaining jurors upon the jury list be called, upon which said defendant is by the court informed that the two other

jurors, members of the regular panel, have been excused from further service before the court, to all of which said defendant excepts."

It is not claimed or shown that the court abused its discretion in excusing the two jurors who were members of the regular panel above referred to, and, in the absence of a showing to this effect, we must presume that these parties were properly excused by the trial court. E. H. Furrow being a member of the regular panel, and being absent from the courtroom, it was entirely proper for the court to send after said Furrow and place him in the jury box. When the said E. H. Furrow was brought into court, the record recites that the following took place:

"Thereupon, the examination of said jurors on their *voir dire* is proceeded with, and the following good and lawful jurors, members of the regular panel attendant before the court, are selected to try said cause, to wit: A. G. Kesler, O. P. Cooper, E. H. Furrow, Robert Reed, N. J. C. Johnson, and J. M. Pardue. Whereupon said defendant objects to going to trial to said jury and challenges the array and panel, which said objection and said challenge are by the court overruled, and to which said ruling of the court said defendant duly excepts."

After the jury had been selected, it was too late for the defendant to attempt to challenge the array and panel, and, even if it was not too late for this to be done, the record does not show the ground upon which said challenge was made. The only presumption which the law indulges in favor of a defendant in a criminal case is that of innocence, and, when this presumption is overcome by a conviction, the presumption then prevails that the verdict of the jury is right, and that all of the proceedings in a court of record are regular unless the contrary affirmatively appears. There is no presumption against the regularity of the proceedings in a court of record. We find no error in the record with reference to the manner in which the jury was selected and impaneled.

Third. Upon the trial of this cause, the court repeatedly instructed the jury that they could not convict the defendant unless they were satisfied from the testimony beyond a reasonable doubt

that he was guilty, and they were again instructed that if they entertained a reasonable doubt as to whether or not the defendant was guilty, they must acquit him; but the defendant complains that the court did not instruct the jury upon the presumption of innocence. No exception was reserved to the instructions of the court upon this ground, and no special instruction was requested of the court upon the presumption of innocence. In the case of *Cochran v. State*, 4 Okla. Cr. 390, 111 Pac. 978, we held that, under these circumstances, a conviction would not be reversed because the court had failed to charge the jury upon the presumption of innocence. Section 6857, Snyder's Comp. Laws Okla. 1909, is as follows:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict, and if it state the testimony of the case, it must in addition inform the jury that they are the exclusive judges of all questions of fact. Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given, if not, it must be refused. Upon each charge presented and given or refused the court must indorse or sign its decision. If part of any written charge be given and part refused the court must distinguish, showing by the indorsement or answer what part of each charge was given and what part refused."

According to this statute, it is the duty of the court to instruct the jury upon all matters of law which it thinks necessary for their information in giving their verdict, and, if the court omits to charge the jury upon any question of law which counsel for defendant thinks necessary for their information, it is their duty to request such instruction, and, when they fail to do this, a conviction will not be reversed unless it appears from the record that the defendant was injured by the failure of the trial court to give a proper instruction upon the law of the case. The only purpose of an instruction upon the presumption of innocence is to inform the jury that in the first instance the burden is on the state to prove by legal evidence that the defendant is guilty, and that, if the state does not prove the defendant guilty by legal

evidence, the defendant is entitled to be acquitted. This idea was contained in separate paragraphs in the charge of the court, first, where the court told the jury that they must be satisfied of the defendant's guilt by legal evidence beyond a reasonable doubt before they could convict him; in the second place, where the court informed the jury that, if they entertained a reasonable doubt from the evidence of the guilt of the defendant, they must acquit him.

Failing to find any material error in the record, the judgment of the lower court is affirmed.

ARMSTRONG and DOYLE, JUDGES, concur.