## PAUL RIAL v. STATE.

No. A-1122.    Opinion Filed April 2, 1912.

(122 Pac. 558.)

1.  **INTOXICATING LIQUORS—Evidence—Violation of Prohibitory Law.** For evidence sustaining the charge of having possession of intoxicating liquors with intent to sell the same, see opinion.

2.  **APPEAL—Case-Made—Sufficiency.** Allegations contained in a motion for a new trial as to occurrences which took place in open court, of which the trial judge had personal knowledge, will not be considered upon appeal unless the case-made contains proper recitals of what occurred duly certified to by the trial judge.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;
Farrar L. McCain, Judge.*

Paul Rial was convicted of violation of the prohibitory law, and appeals. Affirmed.

*W. W. Momyer,* for appellant.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. In this case the undisputed evidence is that appellant, Paul Rial, conducted what was known as the

Bank drug store in the city of Muskogee; that this drug store was searched for intoxicating liquors in December, 1910; that there was a room about 16 x 18 feet in the back of the drug store, and in this room was found a quantity of whisky and beer on ice, and that there was also in this room an ice-box, glasses for drinking intoxicating liquors, and a cork puller. There was a barrel behind the counter in which empty bottles were placed. There was a counter in the room with a shelf behind the counter. There was a bottle of whisky and one of wine setting on this shelf, and the corks set in them loosely. There was a vault that cut into the room between the prescription case and the north side of the room. In this vault nails were found in planks placed in there loosely so they could be pulled out with the fingers, and, when they were pulled out, the planks would slide out. In this vault about 30 bottles of wine were found; also a five-gallon water bottle containing about a gallon of whisky and also a tow sack full of beer bottles and another tow sack half full of beer bottles.

The above is a condensed statement of the testimony on the part of the state. The appellant offered no evidence in reply. This evidence conclusively shows that appellant and all persons concerned with him in conducting this establishment were violating the law, and all such persons should have been prosecuted and convicted for their participation in this offense. If a man works in such an establishment as an employee, he is just as guilty as the proprietor. No one should be permitted to escape punishment upon the ground that he was an employee when he commits an unlawful act. Under our statute all persons concerned in the commission of an offense are just as guilty as though they committed the offense themselves. The motion for a new trial, among other things, alleges:

"That the jury which tried the defendant was not impaneled as provided by law and was not a legal jury in this, to wit: That during the same term of the superior court of Muskogee county, Okla., at which this defendant was tried and on the day immediately preceding the trial of this defendant a jury was duly impaneled and sworn in said court to try the case of the State of

Oklahoma v. S. H. Pate, and that after said jury had been impaneled and sworn to try said cause a continuance of the case of the State of Oklahoma v. S. H. Pate was had by the court until the following morning, the said jury being admonished by the court that they were still in the trial of said cause, and that on the calling of the case of the State of Oklahoma v. This Defendant, J. C. Hood, one of the said jurymen, then engaged in the trial of the case of the State of Oklahoma v. S. H. Pate was impaneled and sworn to try the cause against this defendant, and the said juryman did so sit on the trial of this defendant; that this defendant had no knowledge or information that the aforesaid juryman was engaged in the trial of the case of the State of Oklahoma v. S. H. Pate until after the verdict in this case had been rendered."

We cannot consider this question because the case-made nowhere contains a statement properly certified to by the trial judge touching this matter. It is true that the judge does certify that appellant's motion for a new trial was filed, but he does not certify to the truthfulness of any statement contained therein. If an appellant can perfect his case-made as to any matter occurring in open court of which the judge has personal knowledge by making statements in his motion for a new trial or by affidavits supporting such motion, why the necessity of having a judge certify to the case-made at all? If this can be done, the records of trial courts would be taken out of the hands of the judge, and would be at the mercy of defendants, and this court would not know what to depend upon. Nothing which occurred in open court in the presence of the trial judge can be considered upon appeal, unless such matters are embodied in proper recitals in the case-made and are certified to by the judge. This is the plain letter of the law. See *Saunders v. State*, 4 Okla. Cr. 264, 111 Pac. 965; *Cochran v. State*, 4 Okla. Cr. 379, 111 Pac. 974; *Beatty v. State*, 5 Okla. Cr. 105, 113 Pac. 237; *Nowlin v. State. infra*, 115 Pac. 625.

As the judge has not certified to the truthfullness of the statements contained in appellant's motion for a new trial, which occured in open court and of which the judge had personal knowledge, we cannot consider this matter.

The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.