## ROSCOE HADLEY v. STATE.

No. A-1120.   Opinion Filed April 8, 1912.

Rehearing Opinion April 18, 1912.

(122 Pac. 728.)

1.  **INTOXICATING LIQUORS—Criminal Prosecutions—Sufficiency of Evidence.** For evidence sustaining the charge of having possession of intoxicating liquors with intent to sell the same, see opinion.

2.  **APPEAL—Record—Case-Made.** Allegations contained in a motion for a new trial as to occurrences which took place in open court, of which the trial judge had personal knowledge, will not be considered upon appeal unless the case-made contains proper recitals of what occurred duly certified to by the trial judge.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Roscoe Hadley was convicted of violating the prohibitory liquor law, and appeals.   Affirmed.

*S. V. O'Hare,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   Appellant was found guilty in the superior court of Muskogee county for violating the prohibitory liquor law of the state, and his punishment was assessed at a fine of $200 and 30 days' confinement in the county jail.

The fifth ground relied upon by appellant in his motion for a new trial is as follows:

"Because the jury which tried the defendant was not impaneled as provided by law, and was not a legal jury, in this, to wit: That during the same term of the superior court of Muskogee county, Okla., at which this defendant was tried, and on the day immediately preceding the trial of this defendant, a jury was duly impaneled and sworn in said court to try the case of the State of Oklahoma v. S. H. Pate. And that after said jury had been impaneled and sworn to try said cause, a continuance of the cause of the State of Oklahoma v. S. H. Pate was had by the court until the following morning; the said jury being admonished by the court that they were still in the trial of said cause. And that on the calling of the case of the state of Oklahoma against this defendant, four of the said jurymen, then engaged in the trial of the case of the State of Oklahoma v. S. H. Pate, were impaneled and sworn to try the cause against this defendant, and the said four jurymen did so sit on the trial of this defendant. That this defendant had no knowledge or information that the aforesaid jurymen were engaged in the trial of the case of the State of Oklahoma v. S. H. Pate until after the verdict in this case had been rendered."

This motion for a new trial was duly sworn to by appellant, but the transcript of the record does not contain any statement or certificate of the trial judge on this subject. Allegations contained in a motion for a new trial as to occurrences which took place in open court, of which the trial judge had personal knowledge, will not be considered upon appeal unless the case-made contains proper recitals of what did occur, duly certified to by the trial judge. See *Rial v. State, ante,* 122 Pac. 558. We therefore cannot consider this question on appeal.

Appellant insists that the testimony does not support the verdict. We have carefully examined the record, and we do not see how the testimony of the state can be true and the appellant can possibly be not guilty. It was proven: That appellant was conducting a so-called drug store in the city of Muskogee. That on the 17th day of December, 1910, his place of business was searched for intoxicating liquors by the officers of Muskogee county. That the officers went back behind the prescription case, and there they found a box five feet long and four feet wide sitting on the floor. That they moved this

box and found a hole cut in the floor. That they raised up the lid over this hole and there found concealed 12 quarts of whisky. They also found one or two barrels of empty beer bottles in this room. There was a bar on the south side of the room. Appellant was present when the officers removed the box and found the hole in the floor and discovered the whisky. That when the officers found the whisky appellant laughed and said he had worked almost all night the night before to make this place. It is inconceivable that appellant should have gone to this trouble to conceal the whisky if he was keeping it in his drug store for a lawful purpose. It is also proven that a few days prior to the 17th day of December the place of business of appellant had been searched for intoxicating liquors by the officers, and they found there a quantity of whisky, beer, and wine; that they found the whisky under the floor by the prescription case. The state also introduced a certificate of a United States license issued to appellant and one Tom Hadley to engage in the business of retail liquor dealers in Muskogee, dated July, 1910, on which the sum of $25 tax was paid. This certificate was duly signed by the internal revenue collector for the district of Kansas. We are at a loss to see how a stronger case could be made out. Appellant took the witness stand in his own behalf and testified he was a legally registered pharmacist, and had been since statehood, but did not in any manner deny one word of the testimony offered by the state. We think that the evidence conclusively establishes the guilt of appellant.

The judgment of the lower court is therefore in all things affirmed.

DOYLE, J., concurs; ARMSTRONG, J., concurs in result.

---

OPINION ON REHEARING.

FURMAN, P. J. Counsel for appellant has filed a motion for a rehearing upon the following ground:

"That the said decision is based on an entirely erroneous conception of the record in the case, in this, towit: That in said opinion the court states the following: 'The state also introduced a certificate of a United States license issued to appellant and one Tom Hadley to engage in the business of retail liquor dealers in Muskogee, dated July, 1910, on which the sum of $25 was paid. This certificate was duly signed by the internal revenue collector for the state of Kansas.' This recital in the opinion of that portion of the evidence referred to is wholly erroneous, for the reason that the revenue license referred to was issued to R. E. Hadley and Tom Hadley. There is no reference whatever in the license to the appellant, Roscoe Hadley, nor is there even a suggestion in the testimony that Roscoe Hadley and R. E. Hadley were the same person."

We are always not only willing, but anxious, to correct any errors which we may make in our opinions, and for the purpose of enabling us to do this we look with favor upon motions for a rehearing; but at the same time we respectfully request counsel to carefully examine the records, and be certain that a mistake has been made, before filing such motions, for, unless well taken, they entail a great deal of unnecessary labor upon the members of this court, who are already worked to the limit of human endurance. If counsel for appellant had examined the record carefully, they never would have filed this motion.

The certificate of the United States license referred to in the opinion is in the following language:

"Record of Special Tax Payers and Registers. District of Kansas. Page 51. Page 8: Name, Busy Drug Store, Tom R. Hadley and R. E. Hadley; business, R. L. D.; place, Muskogee; from what time, July, 1910; amount of tax, $25.00; date of payment or issue of certificate, July 5; serial No. of stamp, 110,902; serial No. of form 11, 862; remarks, 110 North 2d street."

When the state's witness, J. D. Robbins, was on the stand, he testified as follows:

"Q. Do you know the defendant? A. Yes, sir; I do. Q. Do you know of your own knowledge that Roscoe Hadley is R. E. Hadley? A. Yes, sir; he is."

The same witness testified that the place of business of appellant was 110 North Second street, in the city of Muskogee.

When the witness Vernon Lofton was on the stand, he testified that he knew appellant, and his place of business was on North Second street, in the city of Muskogee, and was known as the "Busy Drug Store."

The license in this case was issued to Tom R. Hadley and R. E. Hadley to conduct the business of retail liquor dealers in the Busy Drug Store at 110 North Second street, in the city of Muskogee. While the appellant was prosecuted as Roscoe Hadley, yet when he took the stand as a witness in his own behalf he was sworn and testified as R. E. Hadley. We therefore cannot agree with counsel for appellant that there is not even a suggestion in the testimony that R. E. Hadley and Roscoe Hadley were the same persons. On the contrary, we are of the opinion that the testimony for the state on this subject is positive and direct, and it was also conclusively proven that Roscoe Hadley and R. E. Hadley are one and the same person by the evidence of appellant while on the witness stand.

Motion for a rehearing is therefore denied.

ARMSTRONG and DOYLE, JJ., concur.