## AARON W. REGIER v. STATE.

No. A-4367. Opinion Filed May 9, 1925.
(235 Pac. 936.)

(Syllabus.)

**Trial—Failure to Instruct on Presumption of Innocence, in Absence of Request, Held not Reversible Error.** Where the court failed to instruct the jury upon the presumption of innocence, and where no exception was reserved to such failure, and no special instruction was requested on this subject, and where the court did instruct the jury that the burden was upon the state to establish the guilt of the defendant by competent evidence beyond a reasonable doubt, the failure of the court to instruct on the presumption of innocence will not constitute reversible error.

Appeal from County Court, Texas County; George M.

Aaron W. Regier was convicted of transporting liquor, and appeals. Affirmed.

Ross Rizley and H. E. G. Putman, for plaintiff in error. Frittz, Judge.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. Two assignments of error are argued in the brief of the plaintiff in error: First, the insufficiency of the evidence. Second, failure of the court to instruct on the presumption of innocence. We have examined the record as to the insufficiency of the evidence. It is to this effect: That the plaintiff in error drove a car to the place charged; was seen to hand two apparently heavy kegs over the fence to another, who placed them in a barn nearby. Shortly thereafter a search was made, and three kegs of whisky of the same appearance as those handed over the fence were found in the barn, and no empty kegs. The plaintiff in error did not take the stand. The contention of insufficiency of the evidence is not tenable. There is ample evidence. The presumption of innocence and burden of proof were not covered by any instruction. No exceptions were taken to any instructions given, and no request for additional instructions made. The court did state to the jury fully and clearly the things necessary to be proven by the state in order to warrant a conviction, and told them that all must be proven beyond a reasonable doubt. These instructions placed the burden fully on the state, and were favorable to the plaintiff in error. When this was done and no exceptions or requests made, the error in failing to give a specific instruction on the burden of proof and presumption of innocence is not reversible. Beatty v. State, 5 Okla. Cr. 105, 113 P. 237; Cochran v. State, 4 Okla. Cr. 393, 111 P. 978. See, also, the early case of Huff v. Ter., 15 Okla. 377, 85 P. 241.

Finding no error that would warrant a reversal the case is affirmed.

BESSEY, P. J. and DOYLE, J., concur.