## THE TERRITORY OF OKLAHOMA V. ANDREW COOPER, O. A. MITSCHER, T. W. WILLIAMSON AND JOHN COOPER.

(Filed July 17, 1902.)

1. **CRIMINAL PROCEDURE—Governs When—Bail In Manslaughter.** Where a person committed an offense and was indicted during the period the Nebraska criminal procedure was in force in Oklahoma, and was convicted and sentenced after the adjournment of the first legislative assembly, and sought to take an appeal from such judgment, the Oklahoma criminal procedure, which took effect December 25, 1890, controlled and governed the proceedings on appeal, and after the judgment of conviction, and in case of manslaughter, bail was allowable after conviction and pending appeal.

2. **POSITION, CHANGE OF—Not Allowable, When.** Where one voluntarily assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he will not thereafter, because his interests have changed, be permitted to assume a contrary position to the prejudice of a party who acquiesced in the position formerly taken by him.

3. **REFEREE—Conclusions of Law.** Where a court erroneously refers a case to a referee, where only questions of law are at issue, and afterwards adopts the conclusions of law stated by the referee as its own, and renders its own judgment, the error is cured, and the exception must be to the ruling and judgment of the court.

4. **DEMURRER—Payment of Cost—Appeal.** Where a judgment is rendered sustaining a demurrer to a petition and for costs, the payment of the costs will not constitute such satisfaction of the judgment as will prevent the prosecution of an appeal to procure a reversal of the judgment sustaining the demurrer.

5. **CASE-MADE—Defined.** The purpose of a case-made is to bring into a record for the appellate court, all the records, files, testimony, rulings, exceptions and proceedings in said cause in the trial court; but extrinsic matters constituting no part of the record or proceedings in the trial court cannot be incorporated into the case-made so as to bring such matters before the appellate court.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, Trial Judge.*

The Territory of Oklahoma v. Cooper *et al.*

*J. L. Brown,* and *J. C. Strang, Attorney General,* for plaintiff in error.

*J. W. Johnson,* for defendant in error.

On rehearing. Reversed and remanded.

Opinion of the court by

BURFORD, C. J.: This case was decided by this court at the June session, 1901, and the judgment of the district court of Oklahoma county reversed. Subsequently a rehearing was ordered, and the case is again before us for consideration. On a re-examination of the record and the briefs, on file, we are still of the opinion that the judgment must be reversed, but inasmuch as in the former opinion some questions were determined which we are now of the opinion are not properly presented by the record, the former opinion is set aside.

The case arises out of a suit by the territory to recover the penalty on an appearance bond in a criminal cause. The defendant, Andrew Cooper, was indicted in the district court of Oklahoma county on the 16th day of October, 1890, charged with the crime of murder; was tried in July, 1891, and in August, 1891, was sentenced to serve a term of two years in the penitentiary for manslaughter. He gave notice of an appeal to this court, and the district court admitted him to bail pending the appeal, and he gave an appearance bond in the sum of five thousand dollars, with O. A. Mitscher, T. W. Williamson and John Cooper as sureties, and was released from custody. He failed to perfect his appeal or to appear, and afterwards the bond was forfeited in the district court. Suit was then brought by the territory against the defendant, Andrew Cooper, and his sureties on the bond to recover the penalty of the bond.

The record discloses that the sureties appeared and filed an answer, to which the territory demurred. The court then referred the case to a referree, who sustained the demurrer to the answer; had a trial, made a finding of facts and conclusions of law, and filed the same in the district court. After this had been done, and before judgment, the court permitted the territory to withdraw its demurrer to the answer; permitted the defendants to withdraw their answer, and gave the territory leave to file an amendment to the petition. The petition, as amended, alleges that, * * * on the 28th day of July, 1891, the defendant, Andrew Cooper, was found guilty and sentenced in the district court of Oklahoma county for the crime of manslaughter, on on. indictment pending against him in said court, and was sentenced to imprisonment in the penitentiary at Lansing, Kansas, for a period of two years, to commence on the 29th day of August, 1891. That the offense for which he was convicted was committed in July, 1890, and the indictment was found and returned in October, 1890. And that to procure his release from imprisonment pending an appeal to the supreme court of said territory, he executed his recognizance with the defendants, O. A. Mitscher, T. W. Williamson and John W. Cooper, as sureties, in the sum of $5,000, conditioned that the said Andrew Cooper would appear, submit to and perform any judgment rendered by the said supreme or district court in the further progress of said cause, and not depart without leave of the court. That said recognizance was accepted and approved by the clerk of the court, and said defendant released from custody. A copy of the bond is made an exhibit to the petition.

It is further alleged that the defendant, Andrew Cooper, has wholly failed to present or perfect any appeal

to the supreme court, but has absented himself from the territory of Oklahoma, and departed without leave of the court, and is a fugitive from justice.

That on the 13th day of February, 1893, the said defendant and his sureties were duly called in the district court of Oklahoma county, and made default, and the said bail was by the court declared forfeited, and judgment of forfeiture entered against the defendant and said sureties. That the sureties on said bond are fully indemnified against any loss by the defendant, Andrew Cooper, who had deposited in bank subject to the control of said sureties, the sum of five thousand dollars, to be used by them in the payment of said bond in the event of judgment against them on said bond. That after said bond was duly signed by said sureties, it was by them presented to the district court in open court for approval, and the release of the defendant, Cooper, requested. That the county attorney appeared and resisted the right of the defendant to be let to bail, pending an appeal, and it was there claimed by the county attorney that the defendant had committed said offense while the laws of Nebraska were in force in the territory, and that said laws were still in force for the purposes of said case, and that bail could not be allowed after conviction in a felony case, and that the defendant and the sureties on said bond contended before said court that the laws of Oklahoma, adopted by the first legislative assembly, were applicable to said case after judgment, and that the Oklahoma criminal procedure governed in said matter all the proceedings in said cause after judgment in the district court, and that the defendant was entitled to bail within the discretion of the judge, pending his appeal, and that said contentions were heard by the court, and the conten-

tion of the defendant and said sureties was sustained, and said defendant then let to bail, and his bond given and approved by the court and his discharge ordered, and that said defendant and his sureties then and there insisted that said district court and judge had full and competent jurisdiction and authority to admit said defendant to bail, and judgment was prayed against said Cooper and his co-defendants for the sum of five thousand dollars and costs.

The amendment to the petition was filed November 25, 1895, and on November 30, 1895, the defendants filed a general demurrer to the amended petition, on the grounds that it does not state facts sufficient to constitute a cause of action, and because the bond sued on was void, for the reason that the court had no authority or jurisdiction to take, accept or authorize the same.

The court again referred the cause to a referee, and the referee sustained the demurrer, and made his report to the effect that the bond was void and asked to have the defendants reimburse the county for costs and expense paid by the county to the referee. On the filing of the referee's report, the court by an order adopted the conclusion of the referee, sustained the demurrer to the petition, and the territory having elected to stand on its petition, judgment was rendered dismissing the case, and rendering judgment in favor of the territory for $350 as referee's fees, paid by the county, and ordered that out of such sum, it pay the costs of said suit. The territory appeals.

It is strenuously contended by counsel for the territory that all proceedings had before the referee were void, for the reason that this was not such a cause as could be by a court referred to referee. Conceding this proposition to be correct, we think it is wholly immaterial in this cause.

The only question now pending is the ruling of the court on the demurrer to the petition. This presents a pure question of law, and there was no issue for a referee to try or determine. The first proceedings before the referee were all vacated and abandoned by the withdrawal of the original answer and demurrer thereto, and the filing of the amendment to the petition, and the demurrer to the amended petition; but the error in sending the cause to a referee in this condition was cured by the action of the court when it adopted the ruling of the referee on the demurrer, and made it its order, and entered its judgment sustaining the demurrer to the petition. Was this ruling of the court correct?

The crime was committed and the indictment returned during the time the Nebraska laws as adopted by the act of congress were in force in the territory. The trial was had and judgment rendered after the Oklahoma laws as enacted by our first legislative assembly had taken effect. It is contended by counsel for the defendants in error that after Cooper was convicted, that all subsequent proceedings in the case were required to be governed by the Nebraska laws, and that the court had no jurisdiction or authority to admit the prisoner to bail after conviction, and that the bond sued on is absolutely void. The correct determination of this question depends upon the construction to be given the sections intended as saving clauses in the Laws of 1890. These laws took effect December 25, 1890, and are as follows: Article 26, chap. 68, Statutes 1893:

"Sec. 1. That as to all offenses committed in this territory against the laws of Nebraska while in force in this territory, said laws so offended against, shall continue in force until the apprehension and prosecution and until punishment and penalty is imposed upon such offenders.

"Sec. 2. That as to all offenses mentioned in the preceding section in which prosecutions are now pending, the laws of criminal procedure of the state of Nebraska now and heretofore in force in this territory, shall continue in force for the purpose of prosecuting such offenses, but for no other purpose.

"Sec. 3. That as to all offenses mentioned in section one of this act, where prosecutions have not yet been commenced, such offenses shall be prosecuted under the procedure in force in this territory after the adjournment of the first session of the legislative assembly."

The first section above quoted refers to the laws creating and defining crimes, and those laws are continued in force until persons who committed offenses prior to the adoption of our present crimes act, have been convicted and have served the sentences imposed as provided by such laws.

The second section relates to criminal procedure, and is limited to the prosecution of offenses pending at the time our present act regulating criminal procedure took effect.

The third section embraces all offenses committed while the Nebraska laws were in force, but in which prosecutions were not commenced until after the Oklahoma code of criminal procedure was adopted.

The case under consideration comes within the provisions of section 2. The prosecution against Cooper was pending when these laws took effect, and he was prosecuted to conviction and final judgment under said laws, and for the purposes of punishing him, the Nebraska crimes act is still in force. But the controlling question is, what procedure governs after judgment and on appeal? The par-

ticular language is: "The laws of criminal procedure of the state of Nebraska now and heretofore in force in this territory, shall continue in force for the purpose of prosecuting such offenses, but for no other purpose." It is conceded that under the Nebraska criminal procedure, no bail was allowable after conviction, pending appeal; while, if the laws put in force by our first legislative assembly control after judgment and on appeal, then bail was allowable in the discretion of the trial court.

Construing the provisions of section one, two and three together, and giving force and effect to all the provisions of each, we think the intention of the legislature was to continue the crimes act in full force as to all offenses committed against such laws, until final punishment of the offender. That as to prosecutions then pending, the criminal procedure code of Nebraska was to be given the further prosecution of such cases until conviction and judgment, and after judgment the new code should govern, and as to all offenses committed, and in which no prosecution had been commenced, the new code should govern from the inception of the prosecution. This is a reasonable and consistent construction, and does no violence to any of the language used. The prosecution of Cooper was commenced in October, 1890; it was terminated when final judgment was rendered on August 29, 1891. He then sought to take an appeal from said judgment. He then became plaintiff in error, or appellant, and was attacking the judgment. He was no longer being prosecuted as contemplated in this act; he was entitled to the more liberal provisions of the new laws then in force for prosecuting his appeal. Under the new law, one convicted of a felony, not a capital case, who sought to reverse a judgment of conviction on appeal, was entitled to bail, and he sought the

benefits of this provision, and the district court held that the new procedure applied after judgment, and exercised his discretion in favor of the prisoner, and allowed him bail.

This was the construction the prisoner contended for, and he cannot now complain of the application of the same rule of construction under which he procured his release. Nor are the other defendants, the sureties on the bond, in any position to insist upon a different construction.

It is alleged in the petition and admitted by the demurrer, that after the defendant, Cooper, was convicted, he and his sureties signed the bond in suit, and went before the judge of the district court, in open court, and there insisted against the objections of the county attorney that the Oklahoma criminal procedure enacted by the first legislative assembly was applicable to and governed the proceedings on appeal, and after judgment in the district court.

In the face of this admitted allegation, they are now insisting upon a different construction in order to defeat payment of the bond. The supreme court of the United States, in the case of *United States v. Hodson*, 10 Wall. 395, in passing upon the validity of a distiller's bond, where, as in this case, the sureties sought to escape the penalty of the bond, said:

· "But where it is voluntarily entered into, and the principal enjoys the benefits which it is intended to secure, and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defense."

This principle is affirmed in the case of *Dowils v. Tearney,* 102 U. S. 415 and the further doctrine announced that where one has availed himself for his benefit of an

unconstitutional law, he cannot afterwards aver that unconstitutionality as a defense. In the latter case it was held that the bond was void, yet the obligators were held liable thereon.

It was also said in *Davis v. Wakelee*, 156 U. S. 680: "It may be laid down as a general proposition, that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him;" and it was held that although the judgment was void for want of jurisdiction, that the debtor was estopped from asserting its invalidity.

We think the court had jurisdiction to admit the defendant, Cooper, to bail, and that the bond is not void.

The petiton states a good cause of action, and it was error for the court to sustain the demurrer.

It is next contended by the defendants in error that the county commissioners of Oklahoma county, having accepted payment of the amount of the judgment against the defendants, the territory is estopped from prosecuting this appeal. This contention cannot be sustained. The judgment against the defendant was not a judgment on the bond, but one for a portion of the costs made by the referee. The judgment against the territory was the principal judgment and from which it prosecutes this appeal. The costs were only an incident to the judgment. The judgment against the territory was that the demurrer to its petition be sustained, and that it take nothing by its suit, and from this judgment the territory appeals.

It appears from the report and· recommendations of the referee, which are a part of the record, that the county of Oklahoma had paid to the referee certain costs and expenses incurred in trial before the referee, and he recommended that the defendants be required to reimburse the county, and the court ordered the defendants to pay the sum of $350 on costs to the plaintiff, and that the plaintiff pay the costs of the suit. The defendants paid the sum to H. Overholser, chairman of the board of county commissioners. This did not constitute a satisfaction of the bond. The bond was given to the territory, and when collected the proceeds belong to the common school fund of the county for the use of the public schools, and the county treasurer is the only officer authorized by law to receive such funds. The costs in the case are still within the control of the trial court and may be adjusted on final judgment in the cause.

Our attention has been directed to what purports to be a copy of an order made by the board of county commissioners in reference to a compromise in this case, and which has been inserted in the case-made. This order is no part of the proceedings of the district court, or of the record in this cause. It was never pleaded or introduced in evidence, and was never before the district court. A case-made contains the records and proceedings in the district court, and we cannot consider papers or copies of records incorporated in the case-made which are no part of the records or files of the proceedings in the case in the court from which the appeal is taken.

The judgment of the district court of Oklahoma county is reversed at the cost of the defendants in error, and the

cause remanded with·directions to overrule the demurrer, and for further proceedings in accordance with this opinion.

Burwell, J., and Irwin, J., not sitting; all the other Justices concurring.