STERMAN PETE KING v. STATE.

No. A-10485.   Nov. 7, 1945.

(163 P. 2d 248.)

F. E. Riddle, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Ewing C. Sadler, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Sterman Pete King, was charged in the court of common pleas of Tulsa county with the offense of unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

There are several assignments of error presented in the brief of the defendant, but it is only necessary to consider the assignment that the evidence is insufficient to sustain the conviction.

The defendant lived on a 160-acre farm about five miles from the town of Bixby. On the date set forth in the information, three deputy sheriffs of Tulsa county, armed with a search warrant, went to the premises of the defendant to make a search. The defendant was not at home when the officers arrived. While the officers were several yards back of defendant's house making a search, the defendant, his wife, and another man drove up to the house in defendant's automobile. The officers saw the defendant walking across a field towards a pasture and got in their automobile and started across the field towards him. When they got within about 25 yards of defendant, defendant pulled a pint bottle out of his right pants pocket and started emptying the liquid contained in the bottle. He then threw the bottle down and pulled another bottle of similar size out of his left pants pocket and commenced emptying it. The first bottle was

found by the officers with a small amount of liquid still in it which the officers identified as whisky. The second bottle was never found by the officers. None of the officers tasted the liquid found in the bottle, and it was not presented in the trial, although request was made by the attorney for the defendant that it be presented for examination by the court. The officers explained that it did not have a cork in it and they had emptied it. The defendant told the officers that he had started to his hogpen and the officers then accompanied him to the hogpen and left the defendant there feeding his hogs while they proceeded back to town. Later, the charge in the instant case was filed and defendant's arrest was made. This was all of the evidence in the case.

The case of Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d. 836, 837, presented a similar state of facts. In that case, the officers found two bottles of intoxicating liquor. One of them contained about one-half pint of whisky and the other three-fourths of a pint of dry gin, the total being less than one quart. In that case, as here, the defendant interposed her demurrer to the evidence. In disposing of that question, this court stated:

"We think this demurrer should have been sustained. However guilty the defendant may have been, the state has wholly failed to make a prima facie case. Less than one quart of whisky was found. The state made no effort to prove that the place where the whisky was found was a place of public resort and that it had the general reputation of being a place where intoxicating liquors were sold, which they would have had a right to [do] in order to establish the unlawful intent of the defendant in the possession of liquors. Winton v. State, 50 Okla. Cr. 1, 295 P. 400; Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869; Reed v. State, 24 Okla. Cr. 305, 217 P. 1058; Buckley v. State [69 Okla. Cr. 285], 102 P. 2d 619.

"It is not against the law to have possession of liquor in Oklahoma for your own use; but it is against the law to have the possession with intent to sell. The intent to sell is an element of the offense and must be proved the same as any other element. The Legislature has provided that the possession in excess of one quart of intoxicating liquor is prima facie evidence of an intent to violate the law (2626, O. S. 1931, as amended by Session Laws of 1933, ch. 153, p. 339, 37 Okla. St. Ann. 82); but where the possession is of less than one quart, the intent to sell must be proved by the state."

In this case, the proof that defendant had the possession of intoxicating liquor is weak. The bottles were unlabeled. The liquid contained in the bottle which was found was not tasted and not preserved for use as evidence. The officers did testify that it bore the odor of alcohol. One of them said that it was "rot-gut," without further explanation of the term. However, assuming that the liquid in the two bottles was whisky, still, the amount found in possession of the defendant was not in excess of one quart, therefore, was not sufficient to make a prima facie case of guilt. Under such circumstances, it is incumbent upon the state to introduce some other proof to establish the unlawful intent of the defendant in the possession of the intoxicant.

For the reasons hereinabove stated, the judgment of the court of common pleas of Tulsa county is hereby reversed and the defendant discharged.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.