## BOOKER T. TARVER v. STATE.

No. A-10574. July 17, 1946.

(171 P. 2d 269.)

Robert O. Swimmer, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty, Gen., and George Miskovsky, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, J. Defendant, Booker T. Tarver, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, to wit: One pint of tax-paid liquor. He waived trial by jury, was tried by the court, found guilty, and his punishment assessed at a fine of $50, and 30 days in the county jail, and he has appealed.

The only contention of the defendant is that the amount of whisky found in his possession was one pint, and less than one quart, and that the court should have sustained a demurrer to the evidence and discharged the defendant.

In his brief, the defendant cites 37 O.S.1941 § 82, which provides that the possession in excess of one quart of intoxicating liquor is prima facie evidence of an intent to violate the law; but where the possession is less than one quart, the intent to sell must be proved by the state.

In support of his contention defendant cites the case of Thomas v. State, 70 Okla. Cr. 404, 106 P.2d 836. But the facts in the instant case are very different from those in the Thomas case, and in the case of King v. State, 81 Okla. Cr. 278, 163 P.2d 248.

In those cases there was only evidence of possession of less than one quart. It was found at the residence of the respective parties, and no evidence was shown of

former convictions of either of the defendants for a violation of the prohibition laws. There was no evidence to prove an intent to sell or violate the law on the part of either defendant, which is necessary under the law. In the instant case, the liquor was found at defendant's place of business, a filling station, and was concealed in a plant as testified by one of the officers:

"A. It was in a plant, buried under the concrete floor, in a cream can buried under the concrete floor, in a hole about four inches in diameter at the top of the concrete, and a plug went in the top of that, in the grease room. Q. By plant, you mean whisky plant? A. Whisky plant."

The two officers who conducted the search of defendant's premises also testified that it was a place of public resort where people came for the purpose of buying whisky. That the place had been raided many times while defendant was running the same, and that whisky had been found there and defendant arrested and convicted. Defendant, who testified in his own behalf, admitted the finding of 15 pints of whisky there on one prior occasion, and that charges were filed against him in the police court of Oklahoma City, and he had forfeited his bond. Under this proof, it cannot be said that a proper predicate was not laid for the introduction of this evidence.

While the possession of less than one quart of whisky is not prima facie evidence of an intent to sell the same, or violate the law, yet if one has possession of less than one quart and the evidence is sufficient to show that he had it for the purpose and with the "intention to convey, sell or otherwise dispose of such liquor," it is a violation of the law.

The court who heard this case without the intervention of a jury was justified, from the evidence introduced, in reaching the conclusion that defendant had possession of the liquor in question for the purpose "to convey, sell or otherwise dispose" of such liquor in violation of the statute. The decision of the court is as binding as the verdict of a jury, and will be respected as such.

The judgment of the court of common pleas of Oklahoma county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.