## E. R. JACKSON v. STATE.

No. A-10840. May 13, 1948.

(193 P. 2d 895.)

422

E. R. Jackson, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The defendant herein was charged, tried, convicted and sentenced for second degree burglary, second offense, to a term of 50 years in the penitentiary. The defendant demurred to the state's evidence, offered no evidence in his own behalf though he was represented by able counsel; therefore, the state's case stands uncontradicted.   In substance, it shows that on the night of February 15, 1945, Cecil Brown and Ray Billings, newspaper men in Tulsa, Okla., heard the crash of a show window in the Peacock Jewelry Company located at 404 South Main.   Both Brown and Billings testified that they were on their way to get an early morning snack at a cafe when they heard the crash of the show window.   They testified they saw the defendant in front of the show window stick **his arm through the broken glass**, remove articles therefrom, put them in his pocket

and run. They testified further that they followed him down the alley and saw him attempting to hide. They also said they saw him climb a fence near the courthouse in making his getaway. It is apparent that they had ample opportunity to see and observe him and were in position to make positive identification of defendant. There were others in the party who heard the crash of the window but who did not have the opportunity to observe defendant to the point of identification as did Brown and Billings. There being nothing in the record to the contrary, the jury believing the identification sufficient to find the defendant guilty of burglary in the second degree, the verdict of the jury is well grounded from the standpoint of evidence. The store was under the management of David L. Krakower and in his possession. He testified that there were certain watches and articles missing from the window that were there before the burglary. He testified Harry Goldstein owned the store. The state pleaded and offered as evidence of the defendant's second offense the information, and judgment and sentence, in cause No. 9561. The information alleged in substance the burglary of the Goldberg Jewelry store on November 7, 1939, and pleaded as the basis for second offense, the defendant's prior plea of guilty on January 11, 1935, to the charge of second degree burglary. The defendant's demurrer to the evidence is, therefore, without merit for a "case will not be reversed for insufficiency of evidence where testimony of the state is sufficient, if credited by jury, to show defendant's guilt." Todd v. State, 82 Okla. Cr. 424, 172 P. 2d 345, 346.

The defendant has prepared a voluminous brief in his own behalf, much of which is devoted to a discussion of matters clearly outside the record, and constitutes no basis for our consideration herein. Under the law we will

consider only such matters as appear in the record of the trial below, reflected in the case-made. This has long been the rule in this jurisdiction as was said in Territory v. Cooper, 11 Okla. 699, 69 P. 813:

"5. The purpose of a case-made is to bring into a record for the appellate court all the records, files, testimony, rulings, exceptions, and proceedings in said cause in the trial court; but extrinsic matters constituting no part of the record or proceedings in the trial court cannot be incorporated into the case-made, so as to bring such matters before the appellate court."

Also in Beatty v. State, 5 Okla. Cr. 105, 113 P. 237:

"1. Matters occurring in open court during the progress of a trial cannot be incorporated in the case-made by affidavits, but must be placed in the case-made by recitals certified to by the judge who presided at the trial of the cause."

In the body of the opinion at page 107 of 5 Okla. Cr., page 237 of 113 P., it is said:

"The only presumption which the law indulges in favor of a defendant in a criminal case is that of innocence, and, when this presumption is overcome by a conviction, the presumption then prevails that the verdict of the jury is right, and that all of the proceedings in a court of record are regular unless the contrary affirmatively appears. There is no presumption against the regularity of the proceedings in a court of record."

See Cochran v. State, 4 Okla. Cr. 390, 111 P. 978.

Moreover, this court cannot consider objections raised by petitioner in his petition in error and in his brief which were not incorporated in his motion for new trial. Obviously the trial court should have an opportunity to consider any matters to which the defendant objects and be given the opportunity to correct its own mistakes be-

fore they can form the basis for an appeal. This court has repeatedly so held. In Todd v. State, supra, this Court said.

"3. The Criminal Court of Appeals will only consider those questions which are incorporated in the motion for a new trial and thereby submitted to the trial court and its ruling thereon excepted to and afterward assigned for error unless the question is jurisdictional."

The petitioner's motion for new trial and his assignments of error raise no jurisdictional questions.

In Johnson v. State, 79 Okla. Cr. 363, 155 P. 2d 259, after stating with approval the foregoing rule, it is said that the only exception to this rule is applied in capital cases where the accused has been sentenced to death upon a plea of guilty. For other expressions of the general rule in cases supra, see Oswalt v. State, 51 Okla. Cr. 338, 1 P. 2d 793; Mobbs v. State, 52 Okla. Cr. 64, 2 P. 2d 974; Langley v. State, 53 Okla. Cr. 401, 12 P. 2d 254; Ballew et al. v. State, 55 Okla. Cr. 247, 28 P. 2d 993; Tuggle v. State, 73 Okla. Cr. 208, 119 P. 2d 857; Herren v. State, 74 Okla. Cr. 424, 127 P. 2d 215; Palmer v. State, 78 Okla. Cr. 220, 146 P. 2d 592.

Since the trial court had no opportunity to consider on the motion for new trial matters set forth in assignments of error Nos 10, 11 and 12, we shall not consider them, and for the further reason that they are in relation to matters not appearing in the case-made. We can properly consider only the first nine assignments of error, and not all of them, as shall be hereinafter pointed out.

In the first assignment of error petitioner contends that the verdict is contrary to law for the reason that the information pleads as the basis for the second offense

feature of the case the conviction in Case No. 9561, Tulsa county, in which a prior second offense conviction was pleaded. He contends that he had never been convicted on any second offense crime charge prior to the filing of the case at bar, and contends that the same constitutes an invasion of his fundamental rights. The judgment and the recitals therein contained in case No. 9561 offered in evidence on the question of prior conviction of a felony, constitutes the best evidence of the nature of the conviction therein had, and as to whether it was proper in the case at bar to plead a prior conviction for a second offense. It is not necessary to set but in its entirety the judgment and sentence. The pertinent portion of said judgment and sentence says "Prisoner E. R. Jackson * * * having been found guilty of second degree burglary second offense charged in said information and having been then and there in said court legally tried and convicted of said crime". It is therefore apparent from the judgment that the defendant was actually convicted as a second offender, but the sentence was as for a first offender only. The foregoing conclusion is confirmed in Jackson v. State, 72 Okla. Cr. 226, 114 P. 2d 953, 955, which is the appeal in this court from Case No. 9561, wherein the facts are almost identical with the facts in the case at bar. Therein this court said:

"The defendant in this case, having been found guilty as a second offender by the jury as charged in the information, could have been given a minimum of ten years in the penitentiary when the jury found him guilty of the commission of the crime with which he was charged. Oklahoma Statutes 1931, Section 1817, Oklahoma Statutes Annotated Title 21, Section 51."

The judgment of the lower court and opinion of this court on that issue is conclusive. The defendant in case No. 9561 was the fortunate beneficiary of an erroneous

verdict of the jury and sentenced by the trial court. That fact avails him nothing in the case at bar. Moreover, it is pertinent to note in this connection that the jury's verdict in the case at bar, irrespective of the information, judgment and sentence in case No. 9561 offered in evidence herein, as the basis for the second offense charged, is within the law. This is true if for no other reason than upon the stipulation of counsel for the defendant that "the defendant has heretofore been convicted of second degree burglary." As the Attorney General aptly said:

"The whole question is obscure, but it is immaterial as in either event the defendant was subject to prosecution under the second offense statute in this case, and the punishment inflicted upon him could be given upon the basis of the former conviction of burglary in the second degree without such former conviction having been based upon a still preceding conviction. The length of punishment inflicted in the former conviction which furnishes the basis for the second offense prosecution is altogether immaterial. We conclude that the jury either misunderstood the instructions of the court in that former case and inflicted an inadequate punishment or else the jurors did disregard the prior conviction. It makes no difference in this case what the answer to that question may be."

With this statement we are in accord. In the case at bar the jury clearly returned a verdict within the limits of the statutes based upon the language of the judgment relied upon for increasing the punishment of the defendant as a second offender and the use thereof herein did not constitute an invasion of the defendant's rights. This assignment is wholly without merit.

Petitioner in his second assignment of error contends that the information in the case at bar pleaded that the

defendant was convicted of second degree burglary, second offense, in case No. 9561, when the evidence, verdict and original court records show he was not convicted of the second offense feature in case No. 9561. Under the argument and conclusions set forth in relation to assignment of error No. 1, this contention is likewise without merit.

Under the third assignment of error defendant complains of what he designates certain errors of law. First, he complains of improper remarks made by the county attorney in his opening statement to the jury. The record discloses that this objection is based upon the county attorney's statement to the effect that after the defendant had climbed the fence and disappeared, Mr. Brown, a member of the Tulsa World staff, went to the Tulsa police station and there identified a picture of the defendant. To this defendant interposed objection and the court sustained the objection and admonished the jury not to pay any attention to it for the reason that it would not be competent even if established by the state. Under these conditions, the defendant was not prejudiced thereby.

The second portion of the third assignment of error is an objection interposed in relation to the introduction of evidence under the information based primarily upon the proposition that the pleading of the prior conviction as a second offender was in violation of the defendant's constitutional rights. What has been said in assignment of error No. 1 in relation to this feature of the defendant's contention is applicable to this part of the assignment.

The next portion of this assignment is in relation to the following proceedings to wit: Mr. Smith was a po-

lice officer of Tulsa, Oklahoma, testifying in regard to Mr. Billings and Mr. Brown going to the police station and he was asked the following question and volunteered the following answer: "After you took them down to the police station and showed them the pictures, what did you do then, or where did you go? A. They identified the picture." (C. M. 48) Mr. Henneberry the defendant's attorney objected for the reason that the answer was not responsive and asked that the jury be admonished not to consider it. The court thereupon struck the same from the consideration of the jury. Mr. Henneberry then asked for a mistrial which the court overruled. We do not believe under this record the same constitutes prejudicial error.

The next portion of assignment of error No. 3 is in relation to what the defendant says is prejudicial and hearsay evidence. The record discloses that the objection interposed was anticipatory to evidence which the state did not offer.

The objection was as follows, to wit:

"Q. Will you tell the court and jury, please sir, what happened there? What was it went on, and what was said in the presence of the defendant, or by him? A. His sister anwered the door— Mr. Henneberry: Object to that, if the court please. Nothing that was said in the presence of the defendant is binding on him, except what he stated himself, and he is going to relate a conversation had with the defendant's sister, and even though in the defendant's presence, it is not binding on him. The Court: Overruled. Mr. Henneberry: Oh, no; I can show you the cases on that. Mr. Gilmer: We are not going to ask him that. The Court: All right." (C. M. 50)

Thereafter, Mr. Gilmer says "We are not going to ask him that," and Mr. Gilmer did not ask him anything upon which the objection was supposed to be based. It

is apparent the objection was anticipatory to something that never occurred; and this part of the contention is wholly without merit.

The remaining portion of assignment of error No. 3 bears upon the introduction of State's Exhibits Nos. 1 and 2, being the information in case No. 9561 and the judgment and sentence in said case, respectively. We have heretofore clearly indicated that the introduction of the same was not error It is not necessary for us to repeat what has heretofore been said in relation thereto.

Petitioner's assignment of error No. 4 is in relation to instruction No. 4 of the court. The defendant contends that the court placed the burden of proof upon the defendant. Instruction No. 4 reads as follows, to wit:

"No. 4. You are instructed that in determining the guilt or innocence of the defendant of the charge alleged in the information in this case, that you will not consider the question as to whether or not the defendant had previously committed a felony in this state and had been convicted therefor. However, if you do find the defendant guilty beyond a reasonable doubt, from the evidence adduced and under the instructions given in this case; and further find from the evidence beyond a reasonable doubt that he was previously convicted of a felony in the State of Oklahoma, then in determining the punishment to be inflicted you may take into consideration such former conviction of a felony, if any, and fix the punishment to be inflicted at not less than ten years, as provided by statute.

"However, if you fail to find from the evidence beyond a reasonable doubt that the defendant has been previously convicted of a felony, then the limits of punishment which may be inflicted upon the defendant, in the event you do find from the evidence, beyond a reasonable doubt, that he is guilty of burglary in the second degree as charged in the information in this case, are from two

to seven years, that is to say, not less than two, nor more than seven years." (C. M. 71)

A casual examination of this instruction discloses that the court did not place the burden of proof upon the defendant. He further contends in this assignment of error that the court failed to instruct the jury as to what constitutes elements of the crime charged. This is wholly without merit, since in instruction No. 2 the court defined the elements of the charge upon which the defendant was being tried. He further contends that instruction No. 4 is erroneous for the reason that the court therein left it open for the jury to find the defendant guilty as a second offender upon any previous conviction of a felony. This is without merit since it clearly appears in said instruction that the finding of guilty beyond a reasonable doubt must be "deduced from the evidence adduced * * * in this case." It therefore clearly appears from said instruction that the court confined the issue as to second offense to the evidence thereof offered by the state in the case at bar, and did not leave it open to the jury to find him guilty of just any felony that he might have committed within the State of Oklahoma. The said instruction in this regard was therefore not confusing nor misleading to the jury.

The fifth assignment of error in relation to defendant's requested instruction for a directed verdict of not guilty is based upon a variance between the allegations contained in the information and the proof, in that the information alleges that the property was that of David L. Krakower doing business as the Peacock Jewelry Company, when in fact the evidence showed that it was the property of Harry Goldstein. The information alleges that defendant did

"feloniously break and enter into a certain building used as a jewelry store located at 404 South Main Street in the City of Tulsa, Oklahoma, and being then and there occupied and in the possession of David L. Krakower doing business as the Peacock Jewelry Company with the intent to steal therein by then and there, taking, stealing * * * without the consent of the owner thereof, certain personal property of value in said building had and contained, the property of the said David L. Krakower doing business as the Peacock Jewelry Company, with the felonious intent * * * to deprive the owner thereof permanently and to convert the same to his own use and benefit."

It is true that the evidence discloses that the jewelry store was owned by Harry Goldstein, but the same was being operated as the Peacock Jewelry Company under the management, control and possession of David L. Krakower. This fact does not avail the defendant. The elements of the offense with which the defendant is charged are defined in Title 21 O. S. A. § 1435, and reads in part as follows:

"Every person who breaks and enters any building * * * in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

The fact that the defendant broke the window and stole certain articles of merchandise therefrom as testified to by Brown and Billings and Mr. Krakower brings the defendant within the provisions of the foregoing statute. The jury found he did so do with the intent to deprive the owner thereof of the use thereof permanently. The fact that the information places both the possession and ownership of the property so taken in David L. Krakower when in truth and in fact the ownership was in Harry Goldstein is of no consequence. The information describes the act with sufficient certainty in other re-

spects to identify the act and bring it within the clear provisions of the foregoing statute and this is sufficient under the provisions of Title 22 O. S. A. § 406, which reads as follows:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

Under this section of the statute in relation to variance, it has been held that when an offense involves the commission of a private injury an erroneous allegation as to the person injured is not material and is not a fatal variance where the offense is described with sufficient certainty in other respects to identify the act. Martin v. Territory, 4 Okla. 105, 43 P. 1067; Hawkins v. State, 55 Okla. Cr. 396, 32 P. 2d 101; Cassell v. State, 76 Okla. Cr. 79, 128 P. 2d 1016, 1017, 134 P. 2d 372, wherein this court said:

"The actual status of the legal title to stolen property is no concern of the thief. Possession in person from whom property is stolen is sufficient ownership, in a larceny prosecution."

And the same rule applies in a burglary prosecution. The matter of the ownership of the property is merely incidental to the breaking and entering with intent to steal, since stealing can be accomplished from one in possession of property of another as well as from the owner. This court has repeatedly so held. In the case of Cordonnier v. State, 86 Okla. Cr. 291, 192 P. 2d 298, 300, this court recently held:

"The actual status of the legal title to the stolen property is no concern of the thief; so far as he is concerned, one may be taken as the owner who is in posses-

sion of the property and was unlawfully disturbed by the taking."

See, Butler v. State, 60 Okla. Cr. 188, 62 P. 2d 662; Little v. State, 21 Okla. Cr. 1, 204 P. 305.

In the case of Hunsaker v. State, 81 Okla. Cr. 321, 164 P. 2d 404, this court said:

"One in lawful possession of property may be regarded as the owner thereof, as respects necessity of showing that property taken was taken without consent of owner."

It is therefore apparent that the actual ownership of the property burglariously taken in the case at bar is no concern of the defendant. So far as the issues of this and like cases are involved, it is not necessary in order to constitute burglary, that the possession and ownership be in the same person. Possession of the person unlawfully deprived of property is constituted by the exercise of actual care, control and management of the property. We therefore hold that the allegation in the information that the property belonged to David L. Krakower is supported by the proof since the proof shows that David L. Krakower had the possession, care, control and management of the property. This contention on the part of the defendant with reference to variance between the information and proof is without merit.

In his sixth assignment of error petitioner contends that the verdict is excessive resulting from passion and prejudice founded upon untrue evidence. The untrue evidence to which defendant makes reference is the information, judgment and sentence in case No. 9561 offered herein as proof that the defendant was a second offender. What has been said in relation thereto under the treatment of defendant's assignment No. 1 suffices here.

The record shows the evidence not to be untrue, but true in that the defendant was convicted in said judgment and sentence in case No. 9561 as a second offender. This portion of the assignment of error is likewise without merit. The balance of this assignment of error reads as follows, to wit:

"* * * the court erred in forcing the defendant to trial without witnesses in his behalf, the court erred in allowing the county attorney to make improper remarks to the jury concerning the defendant, and members of the jury made prejudicial statements to their fellow jurors concerning the defendant, the evidence and material issues of the case, and the Court erred further by allowing certain actions to take place in and near the court room during the course of the trial and in front of the jury that was very prejudicial to the defendants rights."

This portion of the assignment of error like assignments 10, 11 and 12, is entirely unsupported by the record as reflected by the case-made in the case at bar. We therefore cannot consider it.

Assignment of error No. 7 alleges the verdict is not sustained by the law or the evidence. What we have hereinbefore said is the answer to this contention.

Assignment of error No. 8, to the effect that the court erred in submitting the case to the jury when there was a fatal variance in the allegations of the information and the proof, has been answered by what we said in relation to assignment of error No. 5.

In assignment of error No. 9, the defendant contends in permitting the state to introduce improper and prejudicial exhibits his rights were infringed upon. This contention is likewise predicated upon the substance of the things that have been discussed under assignment of

error No. 1. What was said therein applies here with equal force.

The defendant E. R. Jackson contends that the judgment and sentence in a burglary case of 50 years in the penitentiary is excessive even for a second offender. In support of this contention he says that no such sentence has ever been imposed in this character of case in this jurisdiction. With this we agree. In the case at bar the property stolen would not exceed in value a few hundred dollars. The only aggravating circumstance is that of prior conviction. We are of the opinion, when measured by prior decisions of this court involving similar circumstances, that the judgment and sentence herein imposed is excessive. In Choice Jackson v. State, 67 Okla. Cr. 167, 93 P. 2d 55, where the defendant was charged with breaking and entering a dwelling in Nichols Hills and stealing one platinum watch and chain set with diamonds, one man's gold ring set with one diamond, two lady's platinum dinner rings set with diamonds, four yellow gold bracelets, ten silver dollars, one Schwab safe, six New York life insurance policies, said property being of the total value of $2,435, and the said defendant was also charged as a second offender, upon conviction thereof his punishment was fixed at imprisonment in the penitentiary for fifteen years. This court therein approved the judgment and sentence. The conditions therein involved are very similar to the situation involved in the case at bar. See also Rogers v. State, 85 Okla. Cr. 516, 185 P. 2d 927, 930. Therefore, upon consideration of the entire record in the case at bar the value of the property involved measured in the light of prior decisions of this court in similar cases, and for the further reason that the conviction herein is based solely and only upon the identification of two witnesses, none of the prop-

erty stolen having been found on the person or in the possession of the defendant, we find that the punishment herein imposed is excessive and should be modified. Under procedure criminal, 22 O. S. A. § 1066, this court modifies the judgment and sentence herein from a term of fifty years in the penitentiary 'to a term of fifteen years. In this connection as to modification see: Murphy v. State, 72 Okla. Cr. 1, 112 P. 2d 438; Bright v. State, 76 Okla. Cr. 67, 134 P. 2d 150; Ex parte Williams, 63 Okla. Cr. 395, 75 P. 2d 904; Ta Do Quah v. State, 62 Okla. Cr. 139, 70 P. 2d 818.

As modified the judgment and sentence herein is affirmed.

BAREFOOT, P. J., and JONES, J., concur.