## ESTES v. STATE.

No. A-11541. March 26, 1952.

Rehearing Denied May 14, 1952.

(242 P. 2d 459.)

Wise & Ivester, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, R. F. Estes, defendant below, was charged by information in the county court of Beckham county, Oklahoma, with the offense of the unlawful possession of one pint of Sunnybrook whiskey with the unlawful intention of selling, bartering, giving away or otherwise furnishing the same to other persons. The defendant was tried by a jury, convicted, his punishment fixed at a fine of $50 and 30 days in the county jail, and judgment and sentence entered accordingly; from which this appeal has been perfected.

The proof showed that the discovery of the crime was made under and by virtue of a search warrant obtained for the search of a certain taxi stand owned and operated by R. F. Estes. The search warrant was obtained on the 14th day of July and was executed on the morning of the 15th about 10:00 o'clock a.m. On the morning of June 15, 1950, armed with their search warrant the officers went to an automobile supply store just across the street from the defendant's taxi stand. It appears that the defendant's place of business was an old street car with windows on both sides and that you could see daylight through it and observe what was transpiring from across the street. While observing the defendant's place of business they saw a man, whom it developed was Bill Ward, hand the defendant some money and upon receiving the money turn to his telephone and apparently place a call. The officers continued to watch the place. About 15 minutes later a woman drove up in a car and stopped. They observed the defendant come out of his place of business with a paper sack in his hand, open the car door and then go back into the stand where the man who had given him the money was waiting. When the defendant started back, the officers followed him into the taxi stand where they observed him hand his customer a pint of whiskey. The defendant upon seeing the officers stuffed the paper sack down in the bib of his overalls, whereupon the officers immediately served their warrant and searched him, taking from him an additional pint of Sunnybrook whiskey which was contained in the paper sack and stuffed down in the bib of his overalls. The officers who testified to the foregoing state of facts were Lonnie Midyett and P. L. Davis, deputy sheriff and jailer. The defendant testified in his own behalf to the effect that he did not have this pint of whiskey for sale or barter or to give away but that it was for his own personal use in connection with colds to which he was susceptible. He did not deny that he was in possession of the pint of whiskey.

In his brief counsel seeks to incorporate facts pertaining to the verdict of not guilty in another case, wherein the defendant was charged with selling whiskey. The charge grew out of the same facts and circumstances that were testified to in this case. He says further this charge was tried by a jury at the same term of court and the jury in that case found the defendant was not guilty of the charge of selling the one pint of whiskey. We presume the case was predicated upon a charge of selling the pint of Sunnybrook whiskey to Bill Ward. In Jackson v. State, 86 Okla. Cr. 420, 423, 424, 193 P. 2d 895, 898, a similar attempt was made to incorporate into the record matters and things outside the record on the case on trial and as reported in the case-made. Therein we said:

"The defendant has prepared a voluminous brief in his own behalf much of which is devoted to a discussion of matters clearly outside the record, and

constitutes no basis for our consideration herein. Under the law we will consider only such matters as appear in the record of the trial below, reflected in the case-made. This has long been the rule in this jurisdiction as was said. in Territory v. Cooper, 11 Okla. 699, 69 P. 813:

" '5. The purpose of a case-made is to bring into a record for the appellate court all the records, files, testimony, rulings, exceptions, and proceedings in said cause in the trial court; but extrinsic matters constituting no part of the record or proceedings in the trial court cannot be incorporated into the case-made, so as to bring such matters before the appellate court.' "

Under the foregoing rule, and on the basis of orderly procedure which has been recognized from time immemorial, we are not permitted to consider extrinsic matters which constitute no part of the record of the proceedings in the trial court. Furthermore we have no interest in what transpired in the trial of the case in relation to the alleged sale of the pint of whiskey to Bill Ward. Selling the pint of whiskey and being in unlawful possession of another pint constitutes two separate and distinct offenses, and it would therefore be improper to consider what the jury did in the matter of the sale of whiskey and another jury did in the matter of unlawful possession of the two distinct and separate pints of whiskey.

Furthermore, the defendant contends that the burden was on the state to show that since he was in possession of less than one quart of intoxicating liquor it was incumbent upon the state to prove the independent factor of intent to sell the whiskey. He cites the following cases, Tarver v. State, 82 Okla. Cr. 387, 171 P. 2d 269; King v. State, 81 Okla. Cr. 278, 163 P. 2d 248; Sparks v. State, 77 Okla. Cr. 428, 142 P. 2d 377. We find no fault with the rule therein announced for these same cases announce the fundamental rule, that the possession of any quantity of intoxicating liquor either more or less than one quart with the intention to sell, barter, etc., the same constitutes a violation of the prohibition laws of the State of Oklahoma. The defendant's admission supports the proposition that he was in possession of the pint of liquor, and the officers having witnessed the sale of one pint of whiskey at the defendant's place of business was entirely sufficient to warrant the finding by the jury that the defendant intended to sell the pint of whiskey which he had stuffed down in the bib of his overalls. The jury also rightfully considered the defendant's attempt to conceal the whiskey by stuffing it down the bib of his overalls when he observed the presence of the officers. In any event the record presented a conflict of evidence which presented a question for the determination of the jury. Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781; Rheuark v. State, 86 Okla. Cr. 409, 193 P. 2d 621, wherein it was said:

"In considering the sufficiency of the evidence, the function of Criminal Court of Appeals is limited to ascertaining whether there is a basis in the evidence on which jury could reasonably conclude that accused is guilty as charged.

"The jury is the exclusive judge of the weight of the evidence and the credit to be given to the witnesses."

Finally the defendant contends that the instructions were insufficient and are what he designates as of the "mother hubbard" character. The record discloses that nowhere at no time did the defendant except to the instructions given by the court. This court has repeatedly held that the defendant waives his right to question the giving of an instruction by failing to except thereto. Gentry v. State, 86 Okla. Cr. 92, 189 P. 2d 626; Gaddy v. State, 81 Okla. Cr. 236, 162 P. 2d 787; Dunbar v. State, 75 Okla. Cr. 275, 131 P. 2d 116; Pulliam v. State, 61 Okla. Cr. 18, 65 P. 2d 426. Furthermore, in these cases, it has been repeatedly held by this court that where a defendant desires different or additional in-

structions it is the duty of his counsel to reduce them to writing and request that they be given, and if he fails so to do a conviction will not be reversed, unless the court is of the opinion, in light of the entire record and instructions of the court, that there was a failure to instruct the jury upon some material question of law, and that the defendant has been deprived of a substantial right. See, also, Williams v. State, 89 Okla. Cr. 146, 205 P. 2d 1164. An examination of the instructions given herein do not disclose the failure of the court to instruct upon some material question of law or that the defendant was deprived of any substantial right therein. The court instructed the jury herein in addition to the usual stock instructions, that it was unlawful for a person to have in his possession any quantity of intoxicating liquor "with the wilful, unlawful and wrongful intent to barter, sell, give away or otherwise furnish the same to others contrary to law". There was no other issue involved in the charge as laid. We are therefore of the opinion that the judgment and sentence herein should be affirmed.

JONES and POWELL, JJ., concur.