## DOWELL v. STATE.

No. A-11601. June 11, 1952.

Rehearing Denied July 2, 1952.

(245 P. 2d 455.)

Kight & Brainard, Claremore, Oklahoma, for plaintiff in error.

Honorable Mac Q. Williamson, and Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Waymon Dowell, defendant below, was charged by information in the county court of Rogers county, Oklahoma, with the offense of unlawful possession of intoxicating liquor, to wit, 21 fifths of whiskey and gin, 8 pints of whiskey and one case of champagne wine with the unlawful intent to sell, barter, give away or otherwise dispose of the same. The date of the alleged offense was January 13, 1950, in Rogers county, Oklahoma. The defendant was tried by a jury, convicted, his punishment fixed at 90 days in jail and a fine of $250, judgment and sentence entered accordingly, and from which this appeal has been perfected.

A motion to suppress the evidence was filed on the ground that the same was obtained under an invalid search warrant, the said warrant being a blanket warrant describing property on which more than one dwelling was located and more than one family lived. It is contended that the trial court erred in not sustaining said motion to suppress, and in overruling defendant's objection to introduction of evidence. In this connection, the record shows the following:

"And Thereafter on the 30th day of September, 1950, testimony was taken at the hearing on Motion to Suppress Evidence, and is as follows, to wit:

"By H. Tom Kight: On the 13th day of January, 1950 we have a copy here of a Search Warrant which was issued out of Bill Boyd's Court, then Justice of the Peace."

Nowhere in the record on said hearing of the motion to suppress does it appear that the search warrant was ever offered in evidence. The defendant says in his brief that the search warrant was introduced in the trial of said case, on October 5, 1950, but the record presented to us on said motion to suppress nowhere discloses the search warrant was ever before the trial court as evidence, on the motion. It is fundamental that we must take the record as it is made and as it was stipulated to by counsel for defendant and the county attorney as being a correct representation of what took place at the hearing on the motion to suppress. We have no way to determine whether the trial court erred in not sustaining the motion to suppress when the search warrant does not appear in evidence in the hearing thereon. Moreover, the evidence at the trial on the merits is a separate and distinct proceeding and evidence therein does not relate back to bolster up the evidence on the motion to suppress. They both must stand or fall on the separate records made therein. The evidence as to the location of buildings and the parties residing therein is to no avail without the search warrant, the instrument under attack. In Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216, it was held:

"The burden of proving the invalidity of a search warrant rests on the defendant, and where he files a motion to suppress evidence or objects to the introduction of evidence on the ground the search warrant is not valid he should produce the affidavit and warrant in evidence in support of such motion or objection, or account for the failure to produce and offer other competent evidence to show invalidity. Where he fails to do so, this court will presume the search was legal."

See, also, Winger v. State, 43 Okla. Cr. 140, 277 P. 947; and Stewart v. State, 52 Okla. Cr. 298, 5 P. 2d 173. Such being the state of the record, the defendant has failed to meet the burden of proof as to the invalidity, if any, of the search warrant, and we must presume the search warrant was legal. Under the state of the record, the cases cited by defendant on the proposition of the invalidity of a blanket search warrant are not in point, since, under this record, we cannot determine their applicability herein.

The next assignment of error relates to matters which the defendant admits are not reflected in the case-made but appear in a subsequent case against the defendant herein. In this regard it has been repeatedly held that matters and things outside the record in a case cannot be incorporated into the appeal of a case at bar. In Jackson v. State, 86 Okla. Cr. 420, 423, 424, 193 P. 2d 895, 896, we said:

"Matters occurring in open court during progress of a trial must be placed in the case-made by recitals certified to by the judge who presided at the trial of the cause before the same will be considered by the Criminal Court of Appeals."

In the body of the opinion, we said:

"The defendant has prepared a voluminous brief in his own behalf much of which is devoted to a discussion of matters clearly outside the record, and constitutes no basis for our consideration herein. Under the law we will consider only such matters as appear in the record of the trial below, reflected in the case-made. This has long been the rule in this jurisdiction as was said in Territory v. Cooper, 11 Okla. 699, 69 P. 813:

" '5. The purpose of a case-made is to bring into a record for the appellate court all the records, files, testimony, rulings, exceptions, and proceedings in said cause in the trial court; but extrinsic matters constituting no part of the record or proceedings in the trial court cannot be incorporated into the case-made, so as to bring such matters before the appellate court.' "

See, also, Estes v. State, 95 Okla. Cr. 209, 242 P. 2d 459. In addition to being barred for the foregoing reason, it is to no avail for the reason an attack on the jury panel must be made before the jury is sworn, and must be in writing specifying plainly and distinctly the facts constituting the ground of challenge. Powell v. State, 60 Okla. Cr. 267, 63 P. 2d 113.

The state's evidence herein on the merits discloses that the intoxicating liquor was found in the home occupied by the defendant, in the kitchen. Furthermore, the record shows the defendant had obtained a Federal Retail Liquor Dealers License from the Internal Revenue Service of the Treasury Department of the United States effective from July 1949, which was in force and effect at the time of the seizure of the liquor herein involved. The defendant did not offer any proof in his own behalf. Under these conditions, the state made out a clear case of guilt. For all the foregoing reasons, the judgment and sentence herein is affirmed.

JONES and POWELL, JJ., concur.