E. K. BEARDEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13394.

Court of Criminal Appeals of Oklahoma.

April 1, 1964.

Rehearing Denied May 13, 1964.

J. B. Champion, Jr., Ardmore, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

The plaintiff in error, E. K. Bearden, hereinafter referred to as defendant, was

charged by information in the district court of Johnston County, Oklahoma with burglary in the second degree, after former conviction of felony, in that on or about October 18, 1962 in the nighttime he entered a certain store building in Tishomingo and took therefrom certain bottles of liquor, particularly listed on a separate sheet, and of the value of $1800, the information listing four previous felony convictions of this defendant.

Defendant appeared in the district court in person and by his attorney and entered a plea of not guilty. His case was assigned for trial for March 12, 1963. Thereafter at the request of the defendant, the trial was continued until March 19, 1963. Before that date, and on March 15 the defendant, accompanied by his counsel, appeared in court, asked leave to withdraw his plea of not guilty and enter a plea of guilty. This was permitted, and he was sentenced to a term of five years in the State Penitentiary, from which judgment and sentence this appeal has been perfected.

The appeal was lodged in this Court on June 12, 1963, and brief was due to be filed by the defendant on or before July 12, 1963. Several extensions were granted, and the case was assigned for oral argument for September 25, 1963. At the request of the defendant, the case was stricken, and reassigned for October 2, 1963. Although no brief had been filed on that date, counsel was permitted to orally argue the case, and was granted thirty days to file a brief. Thereafter the State filed its brief on October 22, 1963, and counsel for defendant on November 8, 1963 filed a brief on behalf of the defendant.

Counsel for defendant at the outset states: "Much of what actually happened in this case does not appear of record, but enough appears in the casemade to show that the defendant's rights were literally trampled on by those in authority."

It has long been the rule in this jurisdiction that this Court will consider only such matters as appear in the record of the trial below and are reflected in the casemade. See Territory v. Cooper, 11 Okl. 699, 69 P. 813; Jackson v. State, 86 Okl.Cr. 420, 193 P.2d 895; Estes v. State, 95 Okl.Cr. 209, 242 P.2d 459.

It is counsel's contention that he had, previous to March 15, 1963 worked out an arrangement with former County Attorney J. E. Bullard, the exact nature of which arrangement is never clearly reflected in the record or in counsel's oral argument, whereby the County Attorney was to strike from the information the charge of former convictions, and the defendant would then enter a plea of guilty and would be sentenced to five years in the penitentiary, which sentence was in some manner not to be carried out. Counsel contends that Mr. Bullard had informed him that such arrangement had been presented to the judge of the district court of Johnston County, and that the arrangement was satisfactory with the judge. As above stated, it is fundamental that this Court must take the record as it has been made, and cannot go behind the record and supply what does not appear therein.

According to the record before us, the defendant, with his attorney and the county attorney appeared before the district court at a time when a civil case was ready for trial, and the court interrupted the trial with the remark: "Before you call your first witness in this civil case, I see Mr. Champion [attorney for defendant] is here. Can we help you, Mr. Champion?" Mr. Champion answered, "Yes, your Honor, if you will."

Mr. Champion then informed the court that Mr. Bearden was present in court, and wanted to change his plea and "come before the Court at this time." The court excused the jury for fifteen minutes. Mr. Champion then stated to the court that he "would like to outline procedure on these two cases, and arrangements on Mr. Bearden to see if this is satisfactory."

After discussion at the bench, out of the hearing of the reporter, the following appears in the record:

"The Court: Do you wish to have the information read at this time?

"Mr. Champion: No, your Honor, since it shows that the charge has been reduced by deleting the matters about subsequent offense.

"Mr. Bullard: Yes, the record should show that the charge has been reduced to just burglary in the second degree. The part charging 'after former conviction' is just for the jury, ordinarily, anyway, and we have agreed that in this numbered case that the reduction be made since he is entering his plea of guilty.

"Mr. Champion: Yes. He now waives time, reading of the information, trial by jury, and consents to trial by the court and enters his plea of guilty to the present charge.

"The Court: Do you want to put on anything here to the Court or talk about anything you have not already talked about?

"Mr. Champion: No, your Honor.

"Mr. Bullard: I believe not at this time.

"The Court: What is the recommendation of the State?

"Mr. Bullard: In view of his plea of guilty here, we think the charge of withholding stolen property should be dismissed as against this defendant, and that he should have five years on this offense.

"The Court: The penalty here runs from two to seven years?

"Mr. Bullard: That's true, your Honor.

"The Court: And on the subsequent offense idea, the penalty would have been not less than ten years?

"Mr. Bullard: Yes, conviction on that would have resulted in ten years to life. However, I am advised by his attorney that he has pleaded guilty to some similar charge or charges in Tillman County and is now under sentence of five years in the penitentiary from there, with possibly other charges either running concurrently, or they have *said* suspended; and on his plea of guilty here, where the State is not put to the trouble and expense of trial, I believe that five years is ample for this offense."

Thereupon the defendant was called to the bench, and the court sentenced him to a term of five years in the State Penitentiary, and Mr. Champion immediately said:

"Isn't this to conform to the sentence in Tillman County, your Honor?

"The Court: I am only pronouncing sentence here in Johnston County, and I think this five years is fair.

"Mr. Champion: Well, in that event, we ask permission to withdraw his plea of guilty and ask for trial. We thought this matter could be handled so that *he could be doing his time for Tillman County, with the motion for new trial left pending here, and then when he had done his time for Tillman County this matter could be dismissed.* [Emphasis now supplied.]

"The Court: I had no such understanding with anybody, and I will have to remand him to the custody of the sheriff at this time.

"Mr. Champion: He (indicating Mr. Bullard) told me he had discusssed this with you and that it was all right to go ahead.

"The Court: I have not promised you anything, Mr. Champion."

Counsel for defendant in his brief states that after Mr. Bullard advised him that he had talked the matter over with the Court, and that the arrangement was satisfactory with the court, that "Counsel thereafter advised his client, who was at that time under sentence in Tillman County, that his sentence in Johnston County *would run concurrently with that in Tillman*

58

*County,* if he entered a guilty plea." (Emphasis supplied.)

 Counsel for defendant was evidently aware that the court could not provide for the sentence in Johnston county to run concurrently with the sentence defendant was then serving, assessed in Tillman county. The Oklahoma Statutes covering pronouncement of concurrent judgments and sentences are as follows:

Tit. 21 O.S.1961 § 61:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

And Tit. 22 O.S.1961 § 976:

"If the defendant have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

In the case of In re Flowers, 71 Okl.Cr. 330, 111 P.2d 509 the Court discussed these statutes thoroughly, and in the body of the opinion said:

"This court has held in many cases that under sections 3144 and 3145, O.S.1931, 22 Okl.St.Ann. 976, 21 Okl. St.Ann. 61, where a defendant is convicted of two or more crimes before sentence has been pronounced for either, the judgments and sentences shall run consecutively, unless the judgment and sentence in the second or subsequent conviction shall specifically designate that it shall run concurrently with the judgment and sentence of the first or prior conviction or convictions; and when so spe-

cifically stated, it shall run concurrently.

"Before the court has jurisdiction to provide that the sentences shall run concurrently, the convictions must have been sustained in both cases before sentence has been pronounced in either. The only authority for concurrent sentences under our law must be derived from sections 3144 and 3145, supra [22 § 976, 21 § 61]. The power is granted to trial courts on the conditions there named. In all other cases, the sentences are consecutive."

And see cases cited following this statement of the law.

It would appear from the statements of counsel that it was his intention to permit the motion for new trial in the Johnston County case to lie until after the Tillman County judgment and sentence had been served, then to have the motion overruled and the case dismissed. As stated by the Attorney General, "The conclusion is inescapable from the record that this Court has before it, that any arrangement as to the specific judgment and sentence to be imposed upon defendant was done outside the cognizance and sanction of the trial judge"; and this Court certainly could not endorse such action.

 It has repeatedly been held by this Court that the granting and denying of permission to withdraw a plea of guilty is a matter within the sound discretion of the trial court, and its action will be upheld unless an abuse of such discretion clearly appears from the record. Green v. State, Okl.Cr., 327 P.2d 704, Cert. denied 358 U.S. 905, 79 S.Ct. 233, 3 L.Ed.2d 228; Hart v. State, 29 Okl.Cr. 414, 233 P. 1095; Sanders v. State, 72 Okl.Cr. 85, 113 P.2d 198; Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270.

Tit. 22 O.S.1961 § 517 provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

Courts have been very liberal in permitting the withdrawal of pleas of guilty, especially where an accused is young and inexperienced in court proceedings. The record of this defendant, as shown by the information, reflects that he had previously been convicted in Carter County, Oklahoma on October 4, 1949 of burglary in the second degree and sentenced to serve a term of 10 years in the penitentiary; that he was convicted on January 18, 1950 in Carter County of the crime of joint burglary in the second degree and sentenced to serve a term of 7 years; that he was convicted in Carter County on January 18, 1950 of car theft and sentenced to serve 7 years; that he was convicted in Garvin County on March 12, 1956 of burglary in the second degree and sentenced to serve 10 years; and from the record we gather that he had been convicted in Tillman County, and sentenced to serve 5 years.

An accused should not be allowed to trifle with the court by deliberately, apparently in good faith and with the advice of able counsel of his own choosing, enter a plea of guilty and then when judgment and sentence is pronounced, withdraw his plea and enter a plea of not guilty; especially where he did not contend in his motion for leave to withdraw his plea that he was innocent of the charge, or that he had defense to be presented to a jury. Under such circumstances, it was not error for the court to refuse to permit him to withdraw such plea. Ward v. State, 90 Okl.Cr. 120, 210 P.2d 790; Weatherford v. State, Okl.Cr., 277 P.2d 690; Baker v. State, Okl.Cr., 295 P.2d 294; Antuna v. State, Okl.Cr., 388 P.2d 345, 346.

We are of the opinion that the trial court did not abuse its discretion in refusing to grant the defendant leave to withdraw his plea of guilty and substitute therefor a plea of not guilty; or in overruling defendant's motion for new trial.

The judgment and sentence is affirmed.

BUSSEY and NIX, JJ., concur.